[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR CONTEMPT
For the following reasons the defendant Mary Esposito's motion to hold the plaintiff Louis Esposito in contempt is hereby granted. On June 16, 1977, the court issued an order of dissolution which stated the following in relevant part: "The plaintiff shall pay to the defendant mother the sum of $100 each week as alimony, until the youngest living child reaches the age of 18 years and thereafter the alimony shall be $50 per week." On September 22, 1981, Mr. Esposito's motion to modify the alimony was granted and the alimony was reduced to $75 a week.
The evidence establishes that when the youngest child turned 18 years old in September 1994, the husband reduced the alimony from $75 a week to $25 a week. According to his testimony, he made this reduction because he believed that the dissolution order allowed him to reduce the alimony by $50 when the youngest child turned 18 years old. The plain language of the order does not support this position and the court finds that no reasonable reading of the order supports such a construction. The order clearly states that when the youngest child turns 18 "the alimony shall be $50 per week."
After August 1997, Mr. Esposito stopped making alimony payments altogether. He explains that he stopped paying the alimony because he experienced financial difficulties and because the parties agreed that he could offset against the alimony certain funds owed to him by Ms. Esposito. These claimed offsets involve two car repair bills totaling $336.20 and expenses he assumed for two of the children's weddings. The court credits the parties' testimonies that a car repair bill for $209 was not paid because of outstanding alimony owed by Mr. Esposito. The court finds that Mr. Esposito's other offset claims are not credible. The court also finds that Mr. Esposito's other explanations for why he made no alimony payments after August 1997 lack credibility. CT Page 10958 Alternatively, to the extent that any of these explanations have any credibility, they fail to provide sufficient justification for failing to comply with the court orders.
The court finds that the orders requiring Mr. Esposito to pay the alimony were clear and unambiguous that he failed to comply with these orders and that this failure was wilful and contemptuous. The court orders Mr. Esposito to resume the payment of the $50 per week alimony immediately. The court finds an arrearage of $21,816. This arrearage calculation reflects a $209 credit in Mr. Esposito's favor. The court orders compensatory sanctions of $3,100. The court will issue further orders regarding the manner or mode of the payment of the arrearage and the compensatory sanctions after final consideration of Mr. Esposito's motion to modify.
So ordered July 11, 1999.
Stevens, J.